IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| WILLIAM T. EBERHARD, *et al.*, | ) | CASE NO. 1:11 CV 834 |
| | ) | |
| Plaintiffs, | ) | CHIEF JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| v. | ) | |
| | ) | MAGISTRATE JUDGE |
| CHICAGO TITLE INSURANCE COMPANY, *et al.*, | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| | ) | |
| Defendants. | | **REPORT & RECOMMENDATION** |

This matter came before me on referral[1] from Chief Judge Solomon Oliver, Jr. to conduct a fairness hearing and issue a report and recommendation on the proposed settlement between plaintiffs Bradley and Laura Maloof and defendant Global Title Insurance Company.

A proposed settlement agreement had previously been tendered to the Court.[2] After the referral but before the fairness hearing, counsel for the Maloofs filed an unopposed motion for final approval of the settlement agreement[3], with a proposed settlement order and final judgment.[4]

---

[1] ECF #200.

[2] ECF #163-2.

[3] ECF #201.

[4] ECF #201-1.

At the fairness hearing counsel for the Maloofs stated the reasons in support of the fairness of the proposed settlement agreement for the record, and counsel for Global American Title also stated on the record its concurrence in those reasons and support for approval of the settlement agreement.

For the reasons stated on the record in support of the fairness of the proposed settlement and the Court's granting of the unopposed motion for final approval and entry of the settlement order and final judgment, I recommend that the Court find the proposed settlement fair, grant the motion for final approval[5], and enter the settlement order and final judgment[6] tendered.

Dated: May 22, 2014                                   s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[7]

---

[5] ECF #201.

[6] ECF #201-1.

[7] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).